## United States *v.* Brown & Co. (No. 1930).[1]

1. EVIDENCE—SUFFICIENCY.

   Testimony that a great number of packages of tea during a period of 20 years had been imported in baskets of the same kind as those involved in this case, is not sufficient to establish that such baskets were at any time usual containers.

2. CERTAIN USUAL CONTAINERS OF TEA DUTIABLE.

   Whether the baskets imported be regarded as usual or unusual containers of tea, they are admittedly containers of tin packages of tea which weigh less than 5 pounds, and as all such containers are made dutiable by the express terms of the proviso to paragraph 627, tariff act of 1913, they are not entitled to free entry.

### United States Court of Customs Appeals, January 28, 1919.

APPEAL from Board of United States General Appraiers, Abstract 42310.

[Reversed.]

*Bert Hanson,* Assistant Attorney General (*Samuel Isenschmid,* special attorney, of counsel), for the United States.

*Crim & Wemple* (*William L. Wemple* of counsel) for appellees.

[Oral argument Nov. 8, 1918, by Mr. Hanson and Mr. Wemple.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

Bamboo baskets, containing tin packages of tea weighing less than 5 pounds, were assessed for duty at 20 per cent ad valorem under the provisions of paragraph 175 of the tariff act of 1913, which paragraph, in so far as pertinent to the case, reads as follows:

175. Blinds * * * in chief value of bamboo * * * and baskets in chief value of like material, 25 per centum ad valorem.

The importers claimed that the merchandise was free of duty by virtue of the proviso to paragraph 627, which paragraph, in so far as it is material to the protest, is as follows:

627. * * * *Provided,* That the cans, boxes, or other containers of tea packed in packages of less than 5 pounds each shall be dutiable at the rate chargeable thereon if imported empty.

The Board of General Appraisers sustained the protest and the Government appealed.

The importers contend in effect that the baskets are usual containers of tea, and that as the tea is free, the baskets as such usual containers are also free.

The collector of customs found that the baskets were unusual coverings or containers, and we find nothing in the evidence which would justify us in concluding that the collector erred in so ruling. The examiner testified that he had been examining tea for 20 years and that he had seen a great number of packages of the same general character as those constituting the importation in this case. It can not be inferred from that testimony, however, nor from the samples

in evidence, that the baskets under consideration were at any time usual containers of tea, and if they were such usual containers they are nevertheless dutiable under the express terms of the proviso relied upon by the importer, inasmuch as the uncontradicted testimony establishes that they are containers of tin packages of tea which weigh less than 5 pounds.

Whether usual containers of merchandise shall be admitted free of duty is within the right of Congress to determine, and as Congress has declared in the proviso just mentioned that containers of tea packed in packages of less than 5 pounds each shall be dutiable at the rate chargeable thereon if imported empty, we must hold that all such containers, whether usual or unusual, are dutiable. United States v. Hohner et al. (4 Ct. Cust. Appls., 122; T. D. 33393), relied upon by the appellee, involved the question of whether three-tray boxes holding harmonicas were, or were not, dutiable under subsection 18 of section 28 of the tariff act of 1909, which subjected to duty unusual containers or coverings designed for use otherwise than in the bona fide transportation of merchandise to the United States. The act of 1909 imposed no duty on the containers of harmonicas and no question was presented for determination in that case other than the status of the boxes as usual containers. It is very evident, therefore, that United States v. Hohner is no authority at all for the free admission of containers of tin packages of tea weighing less than 5 pounds, which containers, by the very words of the statute, are made dutiable wholly regardless of whether they are usual or unusual.

The decision of the Board of General Appraisers must therefore be *reversed*.