UNITED STATES *v.* BROWN & Co. (No. 2013).[1]

1. CONTAINERS OF TEA.

Where less than 5 pounds of tea was imported in a tin can and the can inclosed by a bamboo basket, the can not being an unusual covering designed for use otherwise than in the *bona fide* transportation of the tea, the proviso to paragraph 627, tariff act of 1913, directs that the can should be admitted free and duty levied on the basket. It was error to treat the can and the basket as an entirety and assess duty upon their combined values as being in chief value of bamboo under paragraph 175.—United States *v.* Brown & Co. (9 Ct. Cust. Appls., 45; T. D. 37903) distinguished.

## United States Court of Customs Appeals, March 24, 1920.

APPEAL from Board of United States General Appraisers, Abstract 43334.

[Affirmed.]

*Bert Hanson,* Assistant Attorney General (*Charles D. Lawrence* and *Samuel Isenschmid,* special attorneys, of counsel), for the United States.
*Crim & Wemple* (*George C. Winne* of counsel) for appellees.

[Oral argument Feb. 24, 1920, by Mr. Lawrence and Mr. Winne.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The importations here are teas entitled to free entry under paragraph 627 of the tariff act of 1913, the material part of which is as follows:

627. Teas not specially provided for in this section, * * * *Provided,* That the cans, boxes, or other containers of tea packed in packages of less than five pounds each shall be dutiable at the rate chargeable thereon if imported empty; * * *.

As imported the teas are contained in tin cans, the quantity in each being less than 5 pounds. Each can is in a closely fitting bamboo basket from which it may be easily removed without damage to either the basket or the can. The baskets with the cans of tea therein are in turn packed in larger containers in which form the teas were imported. The cans are of different sizes and so are the baskets.

It appears that for the purpose of appraisement each basket with its inclosed can was regarded as an entirety, a basket, and duty taken thereon as a basket under paragraph 175 of the act. It also appears that the value of the basket and the value of the can were separately ascertained and then combined, as and for the appraised value of the entirety regarded as a basket. The evidence tends to show, and it was agreed between counsel at the hearing before the board, that of such appraised value of the entirety, "82 per cent of the value is in the basket and the balance is in the tin."

---

[1] T. D. 38358 (38 Treas. Dec., 279).

The importer protested and the Board of General Appraisers sustained the protest. In this court no contention is made that the bamboo baskets are not dutiable. It is claimed that the tin cans are not dutiable and that the dutiable value of the baskets. should not include the value of the cans.

In Wright & Graham Co. v. United States (5 Ct. Cust. Appls. 453; T. D. 34976), we construed paragraph 627 to give free entry to the immediate coverings, wrappings, or containers of tea put up and imported in packages of less than 5 pounds each, when such coverings, wrappings, or containers constituted a part of such packages. In that case the immediate containers of the tea were boxes of cardboard or of cardboard and tin, or sheet lead, all of which had been assessed for duty under appropriate paragraphs. The Board of General Appraisers had sustained the assessment, which judgment was reversed in this court. It was not claimed in that case that the immediate containers or coverings were unusual or designed for use otherwise than in the *bona fide* transportation of the merchandise.

In Wright & Graham Co. et al. v. United States (6 Ct. Cust. Appls., 528; T. D. 36147), a similar question was before us. So far as concerned containers, there were two classes of tea. In one the tea was in lead packets and tin boxes each weighing less than 5 pounds, packed in other intermediate metal or pasteboard coverings or containers. In the other class the tea was packed in similar lead packets and tin boxes made of pasteboard and metal, each also containing less than 5 pounds of tea, without being incased in intermediate coverings or containers. The opinion states that—

* * * In each class of cases, some but not all of the immediate coverings were lined with or included more immediate content coverings of thin paper, in no case sufficiently strong to alone and unsupported constitute a covering of such of sufficient strength or stability to retain the contents either for the purpose of shipment or during consumption.

Cross appeals were argued and the Government urged that we review and overrule the decision in the earlier Wright & Graham case. A very careful consideration of the issues was had and the closing paragraph of the opinion of the court by De Vries, Judge, so clearly announces our conclusions that we insert it here:

The court is of the view that paragraph 627 of the act of 1913 was intended by Congress as an extension of paragraph 195 of the act of 1909 from limited metal to all cans, boxes, and other containers of tea in which were packed packages of tea weighing less than 5 pounds. This construction in this and the previous appeal gives application to the paragraph by taxing the importation of intermediate containers of tea at least, but does not extend the tax to those immediate coverings of tea in packages of less than 5 pounds.

It seems clear to us that under the rule of these cases the immediate containers of the teas now before us, namely, the tin cans, are not dutiable. This conclusion is upon the assumption that the tin cans

are not unusual coverings designed for use otherwise than in the *bona fide* transportation of the teas to the United States.

The Government strenuously urges that the question now before us is *res judicata* because in the case of United States *v.* Brown & Co. (9 Ct. Cust. Appls., 45; T. D. 37903), coverings of imported tea conceded to be practically identical with those at bar were under consideration.

In that case the bamboo baskets and tin cans were regarded by the collector as entireties and as such, unusual coverings. They were classified under paragraph 175. The Board of General Appraisers found that such entireties were not unusual coverings and sustained the protest. The case was reviewed here upon the appeal of the Government and the judgment of the Board of General Appraisers reversed. The grounds of that reversal and the applicable law were set forth in the opinion of the court by Smith, Judge, in the following language:

> The importers contend in effect that the baskets are usual containers of tea, and that as the tea is free, the baskets as such usual containers are also free.
>
> The collector of customs found that the baskets were unusual coverings or containers, and we find nothing in the evidence which would justify us in concluding that the collector erred in so ruling. The examiner testified that he had been examining tea for 20 years and that he had seen a great number of packages of the same general character as those constituting the importation in this case. It can not be inferred from that testimony, however, nor from the samples in evidence, that the baskets under consideration were at any time usual containers of tea, and if they were such usual containers they are nevertheless dutiable under the express terms of the proviso relied upon by the importer, inasmuch as the uncontradicted testimony establishes that they are containers of tin packages of tea which weigh less than 5 pounds.
>
> Whether usual containers of merchandise shall be admitted free of duty is within the right of Congress to determine, and as Congress has declared in the proviso just mentioned that containers of tea packed in packages of less than 5 pounds each shall be dutiable at the rate chargeable thereon if imported empty, we must hold that all such containers, whether usual or unusual, are dutiable.

This quoted language is so clear to the effect that the bamboo baskets were regarded as unusual containers and that, whether usual or unusual, they were dutiable under the express terms of the proviso of paragraph 627 that extended comment upon the case is unnecessary, as we adhere to the views there expressed.

Whether the baskets and contained cans were entireties was not decided, neither was it held that the value of the tin can might be combined with that of the basket to fix the value of the latter.

There are two protests involved in the case now before us. In one the appraiser answering the protest said—

> The merchandise is question consists of painted bamboo baskets containing tins of tea. As these baskets are unusual coverings, they were returned for duty at the same rate as if imported empty.

In answering the other he states that—

The merchandise  *  *  *  consists of bamboo baskets holding cans containing tea. The bamboo baskets were treated as unusual coverings and were returned for duty at the same rate as if imported empty.

We construe these two answers, coupled with the report of the collector that the merchandise was assessed in accordance with the advisory classification, to mean that the baskets; not the baskets and the tins, were treated as unusual coverings. Without further explanation we might have understood that the bamboo baskets, not including the tins, were the only things that had been assessed for duty, but as already stated, it appears that the value of the tin cans has been added to that of the bamboo baskets for the purpose of ascertaining the dutiable value of the latter. That fact alone is the basis of importer's protest and we think he is entitled to relief.

There is nothing to show that these tin cans are unusual coverings designed for use otherwise than for the *bona fide* transportation of the merchandise to the United States. The bamboo baskets are dutiable, as is conceded, but only upon the appraised value thereof.

In the instant case the board in its opinion said:

. The importer at the hearing called a witness showing the relative value of the tin packages and the bamboo basket, but the value of this container is not, in our judgment, one that we can determine in a classification case.

Assuming, as we do, that the values of the tin cans as well as of the bamboo baskets were each separately ascertained and fixed by the appraiser, that these two values were combined and constitute the appraised value of the basket for the purpose of assessment, that in each instance the value of the basket is 82 per cent of the combined value of the basket and the can, we see no difficulty in directing the collector in his reliquidation to assess duty upon 82 per cent of the appraised value of the basket and the can regarded as an entirety.

An obvious error was committed in so combining the values of these two separate articles, and a reappraisement of the baskets alone would establish their value at 82 per cent of the appraised value of each basket and can regarded as an entirety.

It would seem under these circumstances that no reappraisement was necessary and that the basis for an apportionment of the appraised value already legally ascertained was before us.

Such a conclusion promotes an end to the litigation, awards to the Government the duty to which it is entitled, and imposes upon the importer a payment which he admits to be due.

The judgment of the Board of General Appraisers is affirmed, with direction that reliquidation be had in accordance with the views hereinbefore expressed.